# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STEWART YOUNGER,**
        **Plaintiff,**

**-vs-**                                                            **Case No. 6:08-cv-1671-Orl-31DAB**

**ACCENT AMERICAN STAFF SERVICES, INC.,**
**STEPHEN L. HOLE,**
        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS THE CASE (Doc. No. 30)**
>
> **FILED:**      **April 22, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff's Complaint, Answer to Court Interrogatories, and brief in support of the Proposed Consent Judgment, Plaintiff was employed by Defendants from June 2005 to August 2008, and sought overtime pay rather than straight time pay for 624 hours, or approximately $5,382. Doc. No. 16, 32. The settlement to Plaintiff of $5,000 in unpaid wages represents 94% of the disputed amount Plaintiff sought for overtime. Doc. No. 32. Defendant's Verified Summary of Hours (Doc. No. 22) states that Plaintiff was treated as a salaried exempt employee and Defendant did not maintain accurate time records recording Plaintiff's hours. Doc. No. 22. Defendant asserted that Plaintiff was exempt from overtime under the "administrative" exemption, and was entitled to the good faith defense. Doc. No. 28.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,550 in attorney's fees and $450 in costs. Doc. No. 32. Plaintiff's counsel litigated the case on behalf of Plaintiff from September 2008. Joseph M. Maus, Esq., states that his hourly rate charged is $300 and he spent

approximately 15 hours on the case, but he was willing to compromise the fee to $2,550 as part of the settlement. Mr. Maus has been practicing since 1993. The amount of time devoted and the hourly rate are not unreasonable under the circumstances of this case.

Accordingly, it is respectfully **RECOMMENDED** that the Motion to Approve Settlement Agreement (Doc. No. 32) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 4, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy